**Jeremy D. Jass, SBN 279466**
jeremy@jasslaw.com
Jass Law
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299

Attorney for Plaintiff
CASMIR ANUMUDU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASMIR ANUMUDU,<br><br>                                Plaintiff,<br><br>            vs.<br><br>STATE OF CALIFORNIA;<br>METROPOLITAN STATE HOSPITAL<br>POLICE DEPARTMENT; DONALD<br>SALVADOR, individually and as<br>Detective Sergeant for the Metropolitan<br>State Hospital Police Department, ID<br>0263; ANDREW ESSIG, individually and<br>as Detective for the Metropolitan State<br>Police Department, ID 0284; and DOES 1<br>through 50,<br>                                Defendants. | **Case No.: 2:19-CV-4045**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Violation of Civil Rights<br>(42 U.S.C. § 1983)<br>Supervisor Liability<br>(42 U.S.C. § 1983)<br>Statutory Liability<br>(Gov't Code § 815.2)<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>(Amount demanded exceeds<br>$25,000) |

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action for damages under the laws of the State of California, under 42 U.S.C. § 1983, the United States

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendment of the United States Constitution.

2.     Venue is proper in the Court because the parties reside in, and all incidents, events and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## PARTIES

3.     Plaintiff, CASMIR ANUMUDU, ("ANUMUDU" or "Plaintiff"), at all times herein mentioned, was a resident of the County of Los Angeles, State of California.

4.     Defendant, STATE OF CALIFORNIA ("the State") and the METROPOLITAN STATE HOSPITAL POLICE DEPARTMENT("the Department") are public entities established by virtue of the laws and Constitution of the State of California, established and maintained by the laws and Constitution of the State of California.

5.     The METROPOLITAN STATE HOSPITAL POLICE DEPARTMENT ("the Department") is an operating department of the State.

6.     Defendant DONALD SALVADOR, ID 0263 ("SALVADOR") is a Supervisor with the Metropolitan State Hospital Police Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, SALVADOR acted under color of state law, and within the course and scope of his employment

7.     Defendant ANDREW ESSIG, ID 0284 ("ESSIG") is a Detective with the Metropolitan State Hospital Police Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, ESSIG acted under color of state law, and within the course and scope of his employment.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

8.     Defendant DOES 1 through 50 are not known or identified at this time.  On information and belief, Plaintiff alleges that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein.  When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this complaint to show their true identities in place of their fictitious names as DOES 1 through 50. Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

9.     At all times herein mentioned, Defendants SALVADOR, ESSIG, and DOES 1-40, inclusive, and each of them, were employees of the State of California and the Metropolitan State Hospital Police Department.

10.     At all times relevant, each individual Defendant was acting within the course and scope of their employment as law enforcement officers of the State, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

11.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

3

## **PRELIMINARY ALLEGATIONS**

13.    On or about May 2, 2017, Plaintiff was working his regularly assigned shift as a Senior Psychiatric Technician with the Metropolitan State Hospital located at 11401 S. Bloomfield, Norwalk, CA 90650.

14.    At approximately, 5:10 p.m. two of the psychiatric patients at the hospital had a confrontation, where one patient was holding onto and pulling the other patients arm.

15.    Plaintiff was alerted to this patient confrontation, by Fatimah Busran ("Busran"), a social worker at the hospital, and ran to the patients. Plaintiff took hold of the aggressor patient's hands and encouraged her to let go of the other patient. The aggressor patient eventually complied and walked to her room. It should be noted that Busran did not assist Plaintiff in deescalating the confrontation as required by hospital policy; rather she went inside her office.

16.    After realizing she had violated hospital policy, Busran elected to contact Unit Supervisor Debra Hughes ("Hughes") to falsely report that Plaintiff had struck the aggressor patient in the head while deescalating the patient confrontation.

17.    Shortly thereafter Hughes contacted Plaintiff via telephone to instruct him to leave the unit right away due to an allegation of patient abuse, and told Plaintiff to report to the Program IV Office the next day.

18.    At approximately 6:00 p.m., Metropolitan State Hospital Police Department Officer Henry Moran ("Moran"), ID 0298, was dispatched to investigate the possible patient abuse allegations. Moran interviewed Busran, and both patients involved in the confrontation. Neither patients corroborated Busran's claim. In fact, the aggressor patient attempted to punch and assault Moran during his interview. Moran then forwarded the case to a detective for further investigation.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

4

19.     The aggressor patient was medically assessed and the assessment indicated that the patient had no noted injury, swelling, or discoloration. The patient also denied any pain or discomfort.

20.     On or about May 3, 2019, at approximately 8:00 a.m., Detective Sergeant Donald SALVADOR was assigned to conduct a follow-up investigation. At approximately 8:46 a.m., *forty six minutes after the first detective was assigned*, Detective ESSIG, based on information and belief as ordered by SALVADOR, arrested Plaintiff for Elder Abuse. This arrest was made without the detectives interviewing anyone, and it was only after that arrest that the detectives interviewed Plaintiff, Busran, other Psychiatric Technician witnesses,  other patient witnesses; it was only after the arrest and Detective Sergeant SALVADOR interviewed these witnesses.

21.     After his arrest Plaintiff was transported to the Hospital Police Station for processing, where he was later interviewed by SALVADOR. During his interview with SALVADOR, Plaintiff was adamant that he did not strike any patient. He told SALVADOR that he was flagged down about the confrontation between two patients, that he grabbed the aggressor patient's hands and encouraged her to let go of the other patient, and the aggressor patient eventually complied and walked back to her room. Plaintiff also told SALVADOR that another Psychiatric Technician (Olaskunkami Oshodi) witnessed the incident as she was in the hallway near the female restroom.

22.     Plaintiff was then transported to Los Angeles County Jail.

23.     It was not until after the decision was made to arrest Plaintiff that Detective Sergeant SALVADOR conducted any interviews. After Plaintiff's arrest SALVADOR interviewed the aggressor patient (alleged victim). She told SALVADOR that that a staff member of the hospital did not assault her, but she remembered being involved in an incident with another patient where she was pulling the other patients hair and both patients then fell to the ground. The

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

aggressor patient (alleged victim) then said a staff member told her to "stop it" and put her in a side room, and reinforced her statement that a staff member has **never** hit her on the back of her head. The aggressor patient (alleged victim) said she did not remember Plaintiff hitter her and/or putting hands on her in any way.

24.    Detective SALVADOR then interviewed Psychiatric Technician Oshodi. Oshodi told SALVADOR, that she witnessed the patient confrontation and that the aggressor patient was pulling the other patient down to the ground. She saw Busran wave at Plaintiff to assist with the situation. Oshodi said that then Busran walked back into her office, closed the door, and did not assist. Oshodi said that she was unable to assist Plaintiff because she was on assisting a patient that needed one on one attention. Oshodi told SALVADOR that Plaintiff was able to physically redirect the aggressor patient away from the other patient, and Oshodi maintained that she saw the entire incident and Plaintiff did not do anything wrong. It should be noted again that hospital policy required that Busran assist Plaintiff in responding to the patient confrontation.

25.    SALVADOR then interviewed the patient that Oshodi was one on one with. This patient indicated that she was on a one on one with Oshodi at the time of the incident. She also said that Plaintiff is a very nice staff member and that she never heard of him hitting anyone.

26.    SALVADOR and/or ESSIG new that there was no probable cause to arrest Plaintiff, but insisted on arresting him regardless. Then, SALVADOR and/or ESSIG conducted a biased investigation designed to justify their illegal arrest of Plaintiff and violation of his Constitutional rights. SALVADOR then re-interviewed witnesses calculated to illicit false statements that would justify the decision to illegal arrest Plaintiff and violate of his Constitutional rights. SALVADOR drafted his investigative reports in a misleading and deceitful manner intended to justify the illegal arrest of Plaintiff and violation of his Constitutional rights. Further, SALVADOR would intentionally find witnesses that were

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

favorable to Plaintiff lacked credibility in order to justify the illegal arrest of Plaintiff and violation of Plaintiff's Constitutional rights. SALVADOR recommended the case be referred to the Los Angeles County District Attorney's Office for full prosecution.

27. It should be noted that Metropolitan State Hospital Investigator Erika Orozco ("Orozco") of the Office of Special Investigations re-investigated this matter. Her and her partner conducted a more thorough investigation that included interviews of the two patients involved in the confrontation, Busran, and thirteen other patient and employee witnesses of the incident, reviewing the reports of SALVADOR and ESSIG and other Metropolitan Hospital Police Officers, and review of photographs. During her investigation Orozco found that SALVADOR was inaccurate, deceptive, misleading, embellishing, and making assumptions without corroborating factual evidence in his reports of the incident. When her investigation was complete, Orozco concluded that the patients involved in the incident lacked credibility, that witnesses favorable to Plaintiff did not lack credibility, that Oshodi not only did not see Plaintiff strike a patient, she did not hear any sounds which resembled a slap or smack, nor did not observe gestures that could be perceived as someone hitting another person, nor did she see any patients head moving in a way consistent with being struck. Further, during Orozco's interview of Busran it was determined that Busran was inconsistent with several details surrounding the investigation and admitted physically saw Plaintiff's hand make direct contact with the patient. Further, Busran admitted during her interview that her mind was mush at the time of the incident and estimated that she only had 25 percent mental capacity. Lastly, Orozco concluded that Busran had violated hospital policy in not assisting Plaintiff in responding to the patient confrontation and in not intervening.

28. Due to SALVADOR and ESSIG's misconduct and violation of Plaintiff's Constitutional rights, Plaintiff was forced to post bail and hire an

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

attorney to fight these false charges. On February 6, 2018, Plaintiff was fully acquitted of the charges against him.

## INCORPORATION BY REFERENCE

29.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 28, inclusive, of this Complaint, and by this reference incorporates the same into each cause of action herein.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –

### Unreasonable Seizure, False Arrest)

### Against Defendants SALVADOR, ESSIG, and DOES 1-25, inclusive.

30.    Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants SALVADOR, ESSIG, and DOES 1 through 25 and each of them, intentionally and maliciously deprived Plaintiff of his rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable, unnecessary seizure and arrest even though no reasonable cause exists to believe Plaintiff committed the offense for which the arrest was made.

31.    At all times during the events described herein, Defendants SALVADOR, ESSIG, and DOES 1 through 25 and each of them assisted each other in performing the various action described and lent their physical presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the wrongful arrest, by among other things, failing to adequately investigating a case, failing to adequately research the law, falsely advising on the state of the law, failing to retain video and audio recordings of interrogations, and failing to provide complete and accurate information in police reports.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

32. The unreasonable seizure and arrest by Defendants SALVADOR, ESSIG, and DOES 1 through 25 and each of them, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered physical and emotional injuries and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants. Further, due to Plaintiff's false arrest, Plaintiff has lost earnings and lost business opportunities.

34. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and conscious and deliberate indifference to the risk to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

### SECOND CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –**

**Substantive Due Process)**

**Against Defendants SALVADOR, ESSIG, and DOES 1 through 25, inclusive.**

35. Plaintiff has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference with his person.

36. As a result of the false arrest by Defendants SALVADOR, ESSIG, and DOES 1 through 25 and each of them, Plaintiff suffered injuries. Defendants

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

interfered with and permanently deprived Plaintiff of his constitutional rights to be free from such injuries.

37. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered pain and suffering. Plaintiff suffered physical and emotional injuries and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants. Further, due to Plaintiff's false arrest, Plaintiff has lost earnings and lost business opportunities.

38. Defendants' actions, along with other undiscovered conduct, shock the conscience, and they acted with conscious and deliberate indifference to Plaintiff's constitutional rights, and with the purpose of depriving him of such rights, unrelated to any legitimate law enforcement objective.

39. Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff with conscious disregard of Plaintiff's known rights and by reasons thereof, Plaintiff seeks punitive and exemplary damages from Defendants individually, in an amount according to proof.

**THIRD CAUSE OF ACTION**

**(SUPERVISOR LIABILITY UNDER 42 U.S.C. § 1983)**

**Against Defendant SALVADOR, and DOES 26-40.**

40. While acting under color of state law as a Supervisor in the Metropolitan State Hospital Police Department, SALVADOR and DOES 26-40, knew or reasonably should have known that his subordinates, including Defendants ESSIG, and DOES 1 through 25, were engaging in the unlawful acts alleged herein and that his subordinates' conduct was depriving Plaintiff of his constitutional rights.

41. In doing the acts as alleged herein, SALVADOR and DOES 26-40 inadequately trained, supervised and controlled his subordinate officers Defendants

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

10

ESSIG, and DOES 1 through 25; he acquiesced in the deprivation of Plaintiff's constitutional rights and his subordinate officers' unreasonable seizure and arrest of Plaintiff; and he acted in a manner that showed a reckless and callous indifference to the rights of others, specifically Plaintiff.

42.    As a legal result of SALVADOR and DOES 26-40's actions and omissions as described, SALVADOR and DOES 26-40 deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.    As a legal result of SALVADOR and DOES 26-40's acts and omissions as described, Plaintiff suffered pain and suffering. Plaintiff suffered physical and emotional injuries and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants. Further, due to Plaintiff's false arrest, Plaintiff has lost earnings and lost business opportunities.

44.    Defendant SALVADOR and DOES 26-40 committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff with conscious disregard of Plaintiff's known rights and by reasons thereof, Plaintiff seeks punitive and exemplary damages from SALVADOR and DOES 26-40 individually, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (PUBLIC ENTITY LIABILITY – GOV'T CODE § 815.2)

### Against Defendant STATE and DEPARTMENT.

45.    The STATE and DEPARTMENT are liable for injuries proximately caused by acts or omissions by their employees while acting within the course and scope of their employment if the act or omission would have given rise to a cause of action against that employee or his personal representative. *Gov't Code* § 815.2.

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

46.    On or about the dates, time and places alleged herein, Defendants SALVADOR, ESSIG, and DOES 1 through 50, inclusive, while acting in the course and scope of their employment as Metropolitan State Hospital Police Officers, and under color of state law, did commit the acts and omissions described above.

47.    Defendants' acts and omissions as heretofore described, proximately caused Plaintiff's injuries. Plaintiff incurred damages as a result of those injuries.

48.    Accordingly, the STATE and DEPARTMENT are liable to Plaintiff, for his injuries, for each and every act and omission listed above that proximately caused said injuries. By reason thereof, Plaintiff seeks special and general damages from Defendant STATE and DEPARTMENT, in an amount according to proof.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.    For General damages according to proof;

2.    For Special damages according to proof;

3.    For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4.    For Attorney's Fees pursuant to 42 U.S.C. § 1988;

5.    For Costs of suit;

6.    For such other and further relief as the Court may deem proper.

Dated:  May 8, 2019                          Jass Law

/s/ Jeremy Jass
_____
Jeremy Jass
*Attorneys for Plaintiff,*
CASMIR ANUMUDU

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

12

## DEMAND FOR JURY TRIAL

Plaintiff CASMIR ANUMUDU hereby demands a trial by jury.

Dated:  May 8, 2019                    Jass Law

/s/ Jeremy Jass

_____

Jeremy Jass
*Attorneys for Plaintiff*,
CASMIR ANUMUDU

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**