XAVIER BECERRA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
GARY OSTRICK
Deputy Attorney General
State Bar No. 211031
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6523
  Fax:  (916) 731-2120
  E-mail:  Gary.Ostrick@doj.ca.gov

Attorneys for Defendants Donald Salvador &
Andrew Essig

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASMIR ANUMUDU,<br><br>                             Plaintiff,<br><br>      v.<br><br>DONALD SALVADOR, individually and as Detective Sergeant for the Metropolitan State Hospital Police Department, ID 0263; ANDREW ESSIG, individually and as Detective for the Metropolitan State Police Department, ID 0284; and DOES 1 through 50,<br><br>                       Defendants. | Case No. 2:19-cv-04045-ODW (AGRx)<br><br>**JOINT REPORT OF DISPUTES RELATING TO SUBPOENA TO ROGER CLARK FOR DISCOVERY CONFERENCE**<br><br>Magistrate Judge: Alicia G. Rosenberg<br>Courtroom: 550<br><br>Date:       February 4, 2021<br>Time:      11:00 a.m.<br><br>Trial Date:     May 18, 2021<br>Action Filed:   May 8, 2019 |

1

JOINT REPORT OF DISPUTES RELATING TO SUBPOENA TO ROGER CLARK FOR DISCOVERY
CONFERENCE  (Case No. 2:19-cv-04045-ODW (AGRx))

## JOINT REPORT RE DISCOVERY DISPUTES CONCERNING SUBPOENA TO ROGER CLARK

On November 23, 2020, Plaintiff and Defendants exchanged their expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), as required by the scheduling order.  (Dkt. 32.)  Plaintiff identified Roger Clark as his retained expert.  On December 15, 2020, neither party produced rebuttal expert witness disclosures.  (*See id.*)  On December 21, 2020, pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants served Plaintiff's counsel with a copy of their subpoena requesting the production of documents from Mr. Clark.  (See Exhibit 1.)  On December 31, 2020, Plaintiff's counsel accepted service of the subpoena on behalf of Mr. Clark.  This subpoena requested the production of documents by Mr. Clark on January 11, 2021.

On January 11, 2021, Plaintiff served by mail Plaintiff's Objections and Response to Defendants' Subpoena for the Records of Roger Clark.  (See Exhibit 2.)  On January 15, 2021, Defendants' counsel emailed Plaintiff's counsel with a meet and confer letter.  (See Exhibit 3.)  On January 20, 2021, Plaintiff's counsel and Defendants' counsel met and conferred telephonically.  On January 27, 2021, Defendants' counsel emailed a follow-up letter to Plaintiff's counsel.  (See Exhibit 4.)  On January 29, 2021, Plaintiff's counsel mailed a letter to Defendant's counsel in response.  (See Exhibit 5.)

Plaintiff and Defendants are in dispute regarding Requests Nos. 1, 2, 4, 5, 7, 12 to 16 of Defendants' subpoena:

1.      All electronic, faxed, handwritten, or typed DOCUMENTS reviewed, consulted, utilized by, or relied upon by YOU in formulating any opinions concerning the ANUMUDU CASE, not including any Bates-stamped DOCUMENTS produced to PLAINTIFF by DEFENDANTS, any deposition

2

transcripts or videotapes of depositions, or any of DEFENDANTS' objections and responses to PLAINTIFF's first sets of discovery requests.

2.     Copies of all texts, treatises, protocols, procedures, guides, articles, or position papers that YOU reviewed, consulted, utilized, or relied upon for formulating any opinions in the ANUMUDU CASE.

4.     Copies of any and all licenses or certifications currently possessed by YOU RELATING TO the practice of YOUR profession or expertise which is the basis of YOUR opinions in the ANUMUDU CASE, including all law enforcement licenses and certifications provided or presented by any government agency, professional association, or board.

5.     All notes, e-mails, correspondence, and any other DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any PERSON, not including any COMMUNICATIONS between YOU and Casmir Anumudu's attorney of record, RELATING TO the ANUMUDU CASE.

7.     All DOCUMENTS stating, describing, referring to, or mentioning any of YOUR charges, billings, or compensation RELATING TO the ANUMUDU CASE, including, but not limited to, bills, invoices, journals, accounts payable, time sheets, time records, and COMMUNICATIONS.

12.     Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

13.     Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

14.     Copies of all declarations not including drafts, that YOU prepared or

signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

15.    Copies of all declarations, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

16.    Copies of all speeches, lectures, or presentations, including, but not limited to, notes, outlines, transcripts, Powerpoints, or electronic files, that YOU have conducted or presented RELATING TO law enforcement, civil rights law, or expert witness work from January 1, 2010, to the present.

Dated:  February 2, 2021          JASS LAW

                                  /s/ Jeremy Jass_____
                                  JEREMY D. JASS, ESQ.
                                  Attorney for Plaintiff Casmir Anumudu

Dated:  February 2, 2021          OFFICE OF THE ATTORNEY GENERAL
                                  CALIFORNIA DEPARTMENT OF JUSTICE

                                  /s/ Gary Ostrick_____
                                  GARY OSTRICK
                                  Deputy Attorney General
                                  Attorneys for Defendants Donald
                                  Salvador and Andrew Essig

EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| Defendant | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _Gary Ostrick_ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                 _____
                                                *Printed name and title*

                                 _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  XAVIER BECERRA
   Attorney General of California
2  ELIZABETH S. ANGRES
   Supervising Deputy Attorney General
3  GARY OSTRICK
   Deputy Attorney General
4  State Bar No. 211031
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
    Telephone:  (213) 269-6523
6    Fax:  (916) 731-2120
    E-mail:  Gary.Ostrick@doj.ca.gov
7
   Attorneys for Defendants Donald Salvador &
8  Andrew Essig

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12
   CASMIR ANUMUDU,                          Case No. 2:19-cv-04045-ODW (AGRx)
13
                            Plaintiff,       **ATTACHMENT TO SUBPOENA TO**
14                                           **ROGER CLARK; REQUESTS FOR**
                     v.                      **PRODUCTION OF DOCUMENTS**
15                                           **AND THINGS**

16  DONALD SALVADOR, individually
    and as Detective Sergeant for the        Date:       January 11, 2021
17  Metropolitan State Hospital Police       Time:       1:00 p.m.
    Department, ID 0263; ANDREW              Location:   Office of the Attorney
18  ESSIG, individually and as Detective                 General
    for the Metropolitan State Police                    California Dept. of Justice
19  Department, ID 0284; and DOES 1                       300 S. Spring St., Suite 1702
    through 50,                                           Los Angeles, CA 90013
20
                            Defendants.
21                                            Trial Date:   May 18, 2021
                                             Action Filed:  May 8, 2019
22

23

24

25

26

27

28
                                    1

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
## PURSUANT TO SUBPOENA

### I.   DEFINITIONS

The following definitions apply herein, unless otherwise stated:

a.   "YOU" and "YOUR" means Roger Clark and any employees of Police Procedures Consultant, Inc.

b.   "COMMUNICATION" or "COMMUNICATIONS" mean any and all oral, electronic, or written transmission or exchange of information, verbal expression, or nonverbal conduct of a person intended by him or her as the substitute for oral or verbal expression, between two or more PERSONS.  It also specifically includes any conversation or discussion, telephone conversations, mail, correspondence, notes, memos, e-mail messages, text messages, facsimiles, notes of meetings, and notes of telephone calls.

c.   "DEFENDANTS" means Donald Salvador and Andrew Essig.

d.   "DOCUMENT" or "DOCUMENTS" refers to and means any item referred to in Federal Rule of Evidence 1001 and includes but is not limited to all originals (as that term is defined in Federal Rule of Evidence 1001(3)) and duplicates (as that term is defined in Federal Rule of Evidence 1001(4)) of all notes, memoranda, letters, correspondence, reports, forms, questionnaires, videotapes, audiotapes, insurance records, payments, bills, invoices, claims, diagnoses, accounting records, ledgers, invoices, itemized statements of charges, doctors' reports, medical charts, medical records, lab reports, prescription information, charge or credit account reports, checks, correspondence, letters, telegrams, notes, agenda, memoranda, interoffice communications, analyses, studies, working papers, calendars, appointment books, diaries, journals, summaries, opinions, tabulations, evaluations, drawings, graphs, charts, photographs, sound reproduction tapes, e-mails, text messages and any other information which is stored or carried

2

electronically, by means of computer equipment or otherwise, and which can be retrieved in handwritten, printed, typed, graphic, visual, or audio form, including, but not limited to, information stored in the memory of a computer, information stored on magnetic or optical media (for example, magnetic tape, floppy disks, removable cartridge disks, and optical disks), e-mail, data used for electronic data interchange, audit trails, digitized pictures and audio (for example, data stored in MPEG, JPEG and GIF), digitized audio and voice mail, and electronic storage and data compilations, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

e.       "PERSON" and "PERSONS" shall include, but not be limited to, any natural person, individuals, corporation, corporate division, company, unincorporated association, trust, government agency, or entity.

f.       "PLAINTIFF" means Casmir Anumudu and his past and current attorneys, the employees of his attorneys, his agents, and his representatives.

g.       "RELATING TO" means relating to, referring to, mentioning, constituting, describing, pertaining or otherwise concerning.

h.       "ANUMUDU CASE" means the case of *Casmir Anumudu v. Donald Salvador, et al.*, U.S. District Court for the Central District of California Case No. 2:19-cv-04045-ODW (AGRx).

## II.   <u>INSTRUCTIONS</u>

1.       Whenever appropriate, the singular form of a word shall be interpreted in the plural and vice versa.  All verb tenses shall be interpreted to include past, present and future tenses.  The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Demands any documents which might otherwise be construed to be outside their scope.

3

2.     YOU shall produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR attorneys, agents, representatives, or any other PERSON acting or purporting to act on or for YOUR behalf, regardless of the DOCUMENTS' location or whether the DOCUMENTS are electronic.

3.     All electronically stored DOCUMENTS shall be produced in an electronic format with files suitable for loading into a Relativity or Concordance compatible litigation support review database.  The production shall include both image and metadata load files.  However, spreadsheet files, including but not limited to MS Excel spreadsheets, shall be produced as native document files. Whenever possible, email shall be collected from YOUR email store or server. Also, include all attachments to any electronically stored DOCUMENTS that are responsive to any of these Requests.  If any assistance is needed, then YOU should contact the Office of the Attorney General before the date that the DOCUMENTS are due for production to request assistance.

4.     If you believe that any of the following Requests require the production or inspection of any documents or things for which YOU claim any privilege precluding their production or inspection, then YOU must produce a privilege log identifying each DOCUMENT withheld from production.  For each DOCUMENT or portion of a DOCUMENT for which you claim a privilege, please state:

(a)     The paragraph number of the Request to which the DOCUMENT is responsive;

(b)     The date that the DOCUMENT was created or the date appearing on the DOCUMENT;

(c)     The identity, including name, last known address, and last known telephone number, of the PERSON or PERSONS who authored, prepared, transmitted, sent, or created the DOCUMENT;

4

ATTACHMENT TO SUBPOENA TO ROGER CLARK; REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  (Case No. 2:19-cv-04045-ODW (AGRx)

(d)     The identities, including name, last known address, and last known telephone number, of any actual or intended recipients or addressees of the DOCUMENT;

(e)     The type of DOCUMENT (e.g., letter, memoranda, e-mail, chart, report, handwritten note);

(f)     The subject matter of the DOCUMENT; and

(g)     The type or nature of the privilege being claimed and sufficient facts to assess whether the assertion of the privilege is valid.

5.     If there are no DOCUMENTS responsive to any particular Request, YOU shall so state in writing,

## III.     REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Roger Clark is requested and commanded to produce all of the following documents and things according to the definitions stated above:

1.     All electronic, faxed, handwritten, or typed DOCUMENTS reviewed, consulted, utilized by, or relied upon by YOU in formulating any opinions concerning the ANUMUDU CASE, not including any Bates-stamped DOCUMENTS produced to PLAINTIFF by DEFENDANTS, any deposition transcripts or videotapes of depositions, or any of DEFENDANTS' objections and responses to PLAINTIFF's first sets of discovery requests.

2.     Copies of all texts, treatises, protocols, procedures, guides, articles, or position papers that YOU reviewed, consulted, utilized, or relied upon for formulating any opinions in the ANUMUDU CASE.

3.     Copies of all California Commission on Peace Officer Standards and Training (POST) Learning Domains that YOU reviewed, consulted, utilized, or relied upon for formulating any opinions in the ANUMUDU CASE.

4.     Copies of any and all licenses or certifications currently possessed by YOU RELATING TO the practice of YOUR profession or expertise which is the

5

ATTACHMENT TO SUBPOENA TO ROGER CLARK; REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  (Case No. 2:19-cv-04045-ODW (AGRx)

1   basis of YOUR opinions in the ANUMUDU CASE, including all law enforcement

2   licenses and certifications provided or presented by any government agency,

3   professional association, or board.

4        5.      All notes, e-mails, correspondence, and any other DOCUMENTS

5   RELATING TO any COMMUNICATIONS between YOU and any PERSON, not

6   including any COMMUNICATIONS between YOU and Casmir Anumudu's

7   attorney of record, RELATING TO the ANUMUDU CASE.

8        6.      All contracts, letter agreements, fee retainers, or other DOCUMENTS

9   setting forth the terms of YOUR fees or other compensation for the ANUMUDU

10  CASE.

11       7.      All DOCUMENTS stating, describing, referring to, or mentioning any

12  of YOUR charges, billings, or compensation RELATING TO the ANUMUDU

13  CASE, including, but not limited to, bills, invoices, journals, accounts payable, time

14  sheets, time records, and COMMUNICATIONS.

15       8.      Copies of all trial transcripts for any trials from January 1, 2010, to the

16  present, in which Roger Clark testified regarding, concerning, mentioning, or

17  relating to any suspect, victim, or witness possessing a mental illness or mental

18  disorder.

19       9.      Copies of all trial transcripts for any trials from January 1, 2010, to the

20  present in which Roger Clark testified regarding, concerning, mentioning, or

21  relating to any medical or health care facility or hospital for persons who possess a

22  mental illness or mental disorder.

23       10.     Copies of all deposition transcripts, including electronically-produced

24  or transmitted deposition transcripts, for any depositions from January 1, 2010, to

25  the present, in which Roger Clark testified regarding, concerning, mentioning, or

26  relating to any suspect, victim, or witness possessing a mental illness or mental

27  disorder.

28       11.     Copies of deposition transcripts, including electronically-produced or

6

transmitted deposition transcripts, for any depositions from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

12.    Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

13.    Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

14.    Copies of all declarations not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

15.    Copies of all declarations, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

16.    Copies of all speeches, lectures, or presentations, including, but not limited to, notes, outlines, transcripts, Powerpoints, or electronic files, that YOU have conducted or presented RELATING TO law enforcement, civil rights law, or expert witness work from January 1, 2010, to the present.

17.    Copies of all of YOUR advertisements, fliers or circulars, or Internet advertisements from January 1, 2015, to the present advertising, advising,

informing, or telling any PERSON of YOUR availability for use as an expert in any

legal matters, lawsuits, or cases.

Dated:  December 21, 2020        XAVIER BECERRA
                                 Attorney General of the State of California

                                 By:      /s/ Gary Ostrick
                                          GARY OSTRICK
                                          Deputy Attorney General
                                 Attorneys for Defendants Donald Salvador
                                 and Andrew Essig

ATTACHMENT TO SUBPOENA TO ROGER CLARK; REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS  (Case No. 2:19-cv-04045-ODW (AGRx))

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail

Case Name:   **Casmir Anumudu v. State of California, et al.**
Case No.:    **2:19-cv-04045**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On December 21, 2020, I served the attached **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Jeremy D. Jass, Esq.
Jass Law
4340 Von Karman Avenue, Suite 100
Newport Beach, CA 92660
**E-mail Address**:  jeremy@jasslaw.com
Attorney for Plaintiff

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 21, 2020, at Los Angeles, California.

|                Jasmine Zarate                |             /s/ Jasmine Zarate             |
| :------------------------------------------: | :----------------------------------------: |
|                  Declarant                   |                 Signature                  |

LA2019502879
63845082.docx

EXHIBIT 2

**Jeremy D. Jass, SBN 279466**
jeremy@jasslaw.com
Jass Law
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299

Attorney for Plaintiff
CASMIR ANUMUDU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CASMIR ANUMUDU,<br>                          Plaintiff,<br><br>        vs.<br><br>DONALD SALVADOR, individually and as Detective Sergeant for the Metropolitan State Hospital Police Department, ID 0263; ANDREW ESSIG, individually and as Detective for the Metropolitan State Police Department, ID 0284; and DOES 1 through 50,<br>                          Defendants. | Case No.: 2:19-CV-04045-ODW<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' SUBPOENA FOR THE RECORDS OF ROGER CLARK** |

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' SUBPOENA FOR THE RECORDS OF ROGER CLARK**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

Plaintiff hereby objects and responds to the subpoena for documents from Roger Clark, which was served on 12/31/2020.

1. Plaintiff objects to Defendants' subpoena as lacking any reasonable scope of time, overbroad, unduly burdensome, calling for speculation about its meaning and limits, seeking documents are not relevant to any party's claims or defenses in the case of *Casmir Anumudu v. Donald Salvador, et al.*, and failing to state the documents sought with reasonable particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A). Defendants' subpoena as currently phrased would require Roger Clark to search ten years of records for every trial transcripts, deposition transcripts, expert reports, declarations, speeches, lectures, or presentations, including, but not limited to, notes, outlines, transcripts, Powerpoints, or electronic files, and advertisements, fliers or circulars, or Internet advertisements in his files. Defendants have a duty to state their discovery requests with "reasonable particularity." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008)(affirming denial of document request as overlybroad). "All-encompassing demands" fail to satisfy this responsibility. *Id.* Defendants' request for any and all the above documents without reasonable limits lack reasonable particularity. *See, e.g., Lopez v. Chertoff*, 2009 WL 1575214, at *2-3 (E.D. Cal. June 2, 2009)(denying motion to compel because the requests for all documents referring or relating to Plaintiff lacked reasonable particularity).

2. As currently phrased, Defendants' subpoena not only violates the constitutional and statutory privacy rights of Roger Clark, but also violate the constitutional and statutory privacy rights of third party employees because it seeks every trial transcripts, deposition transcripts, expert

---

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' SUBPOENA FOR THE RECORDS OF ROGER CLARK**

reports, declarations, speeches, lectures, or presentations, including, but not limited to, notes, outlines, transcripts, Powerpoints, or electronic files, and advertisements, fliers or circulars, or Internet advertisements in Roger Clark's files.

3. Plaintiff objects to this subpoena and the limitless scope of its request for documents as disproportional to Defendants' needs in the case of *Casmir Anumudu v. Donald Salvador, et al.*, for which Mr. Clark has already produced his report in this case.

4. Plaintiff also notes that Roger Clark's Expert Report has already been produced in the parties expert disclosures.

5. Plaintiff also objects based on the grounds that Defendants' subpoena seeks documents in violation of the attorney work product doctrine.

6. Plaintiff also objects based on the grounds that FRCP 26(a)(2) and FRCP 26(b)(4) contemplate what materials must be disclosed by an expert and limit that which is required to be disclosed to: final expert report, communications related to compensation for the expert's study or testimony; identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed; and Defendant's subpoena seeks documents outside of these express limitations.

Dated:  January 8, 2021                        Jass Law

                                               /s/ Jeremy Jass

                                               _____
                                               Jeremy Jass
                                               *Attorneys for Plaintiff,*
                                               CASMIR ANUMUDU

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' SUBPOENA FOR THE RECORDS OF ROGER CLARK**

## PROOF OF SERVICE

1

2   I am a resident of, or employed in the County of Orange, State of California.  I am over the age of 18 and not a party to this action.  My business address is: 4340 Von Karman Avenue, Suite 100, Newport Beach, CA 92660.

3

4   On January 8, 2021, I served the following listed document(s), by method indicated below, on the parties in this action: Plaintiff's Objections and Response to Defendants' Subpoena for the Records of Roger Clark;

5

                    **Xavier Becerra, Esq.**
6                   **Elizabeth S. Angres, Esq.**
                    **Gary Ostrick, Esq.**
7       **Office of the Attorney General of California**
                **300 South Spring Street, Suite 1702**
8                   **Los Angeles, CA 90013**

9

10  <u>**X**</u>    **BY U.S. MAIL**
            By placing the original or a true copy thereof enclosed in a sealed envelope(s), with
11          postage fully prepaid, addressed as per the attached service list, for collection and
            mailing at Newport Beach, California following ordinary business practices.  I am
12          readily familiar with the firm's practice for collection and processing of
            correspondence for mailing.  Under that practice, the correspondence is deposited
13          with the United States Postal Service on the same day in the ordinary course of
            business.  I am aware that upon motion of any party served, service is presumed
14          invalid if the postal cancellation date or postage meter date on the envelope is more
            than one day after date of deposit for mailing contained in this affidavit.

15

16          **BY FACSIMILE**
            By transmitting the document(s) listed above from Jass Law in Newport Beach,
17          California to the facsimile machine telephone number(s) set forth on the attached
            service list.  Service by facsimile transmission was made pursuant to agreement of
18          the parties, confirmed in writing.

19          **BY PERSONAL DELIVERY**
            By delivering copies of the document listed above to all counsel at the addresses
20          listed above.

21

22  X   (STATE)       I declare under penalty of perjury under the laws of the State of
                      California that the above is true and correct.

23

24

25

26          _____
            Jeremy Jass

27

28

---

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' SUBPOENA FOR THE RECORDS OF ROGER CLARK**

4

EXHIBIT 3

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA  90013

Public:  (213) 269-6000
Telephone:  (213) 269-6523
Facsimile:  (916) 731-2120
E-Mail:  Gary.Ostrick@doj.ca.gov

Via E-mail

January 15, 2021

Jeremy D. Jass, Esq.
Jass Law
4340 Von Karman Avenue, Suite 100
Newport Beach, CA  92660

RE:    Casmir Anumudu v. Donald Salvador, et al.
       U.S. District Court, Central Dist. of California, Case No. 2:19-cv-04045 ODW-AGRx

Dear Mr. Jass:

I am writing to meet and confer regarding Plaintiff's egregious objections to all of Defendants' requests for the production of documents in Defendants' subpoena to Plaintiff's expert Roger Clark.  I am available to meet and confer anytime on Monday, January 18, on Tuesday, January 19, 2021, except for 11:00 am to 12 noon and 3:30 p.m. to 4:00 p.m., and on Wednesday, January 20, 2021, from 2:00 p.m. to 7:00 p.m.  In addition, given that the discovery cut-off date is February 12, 2021, I will be sending you the Joint Stipulation required by Central District of California Local Rule 37-2 next week.

Plaintiff's and Roger Clark's complete refusal to produce any documents in response to Defendants' subpoena is a violation of Federal Rules of Civil Procedure 26, 34, 37, and 45. Plaintiffs' misappropriation of the objections that Defendants used in response to Plaintiff's incredibly overbroad and all-encompassing subpoena to the Department of State Hospitals shows an intentional effort to prevent Defendants from conducting discovery against Mr. Clark. Plaintiff has even refused to produce the documents that Mr. Clark's report expressly states that he relied upon for his expert opinions in this case.

In addition, contrary to the objections stated by Plaintiff in response to Defendants' subpoena to Roger Clark:

First, the document requests in Defendants' subpoena are stated with reasonable particularity required by Federal Rule of Civil Procedure 34(b)(1)(A).  They are also proportional to the case and the statements and representations made by Mr. Clark in his expert report.  The period of ten years is a reasonable period of time, especially given that Mr. Clark's CV in his expert report states that he has been operating as a self-employed expert witness for 27 years.

Second, contrary to Plaintiff's misappropriation of the objections used by Defendants in response to Plaintiff's subpoena to the Department of State Hospitals, Defendants' document requests are appropriately tailored.

January 15, 2021
Jeremy D. Jass, Esq.
Page 2

Third, Plaintiff has wrongfully interpreted Federal Rule of Civil Procedure 26(b)(4)(C). This Rule does not limit subpoena demands to retained to experts to these limited categories of documents.  It only limits the production of attorney-expert communications to these categories of communications, and Defendants have not requested any attorney-expert communications that breach these categories of communications as part of Defendants' subpoena.  Notably, despite the permissive scope of Rule 26(b)(4)(C)(i) for communications relating to an expert's compensation, Plaintiff has refused to produce any documents relating to Mr. Clark's expert compensation.

Fourth, Plaintiff blatantly and intentionally misstates the scope of Requests Nos. 8 to 15. These Requests are narrowly tailored to the subject matter of this case.  Moreover, they specifically exclude all draft documents protected by the attorney work-product privilege.  It should be noted that Clark's expert report extensively refers to the subject matter of his prior cases on pages 21 to 24 showing that he is tracking his case and, thus, he should be able to determine which cases, transcripts, reports, and declarations are responsive to Requests Nos. 8 to 15.

Fifth, Defendants' document requests do not seek documents protected by the attorney work product privilege.

Sixth, Defendants' document requests do not violate Mr. Clark's privacy rights and, to the extent that he has any third-party employees, these requests do not violate their privacy rights.  Moreover, there is no reasonable manner in which Mr. Clark's production of public conduct in his transcripts and public reports, declarations, speeches, presentations, or advertisements could violate the privacy rights of Mr. Clark or any third-party employees.

Seventh, Mr. Clark's production of his expert reports does not relieve him from producing any subpoenaed documents relating to his reports, his experience and expertise, or his bias.  To the contrary, Mr. Clark's production of his expert report triggers his obligation to respond to Defendants' document requests in their subpoena.

Plaintiff and Mr. Clark, who was subpoenaed directly and did not personally object to Defendants' subpoena, must produce the requested documents and things in advance of Defendants' deposition of Mr. Clark in this case.  As stated above, I am available to meet and confer telephonically, so please contact me to establish a mutually agreeable date and time to meet and confer.  Thank you.

Sincerely,

GARY OSTRICK
Deputy Attorney General

For   XAVIER BECERRA
Attorney General

EXHIBIT 4

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA  90013

Public:  (213) 269-6000
Telephone:  (213) 269-6523
Facsimile:  (916) 731-2120
E-Mail:  Gary.Ostrick@doj.ca.gov

Via E-mail

January 27, 2021

Jeremy D. Jass, Esq.
Jass Law
4340 Von Karman Avenue, Suite 100
Newport Beach, CA  92660

RE:   Casmir Anumudu v. Donald Salvador, et al.
       U.S. District Court, Central Dist. of California, Case No. 2:19-cv-04045 ODW-AGRx

Dear Mr. Jass:

       Yesterday, I served the deposition notice for Roger Clark's deposition on February 5,
2021.  I did not include any document requests as part of Mr. Clark's deposition notice because
Defendants have already served the subpoena for Mr. Clark's records.  Nevertheless, I am
writing to follow-up on our meet and confer meeting on January 20, 2021.  As I explained to
you, the reason that I served the subpoena was so that I could obtain the responsive documents
before Mr. Clark's deposition and have an opportunity to review them before the day of Mr.
Clark's deposition.  Therefore, as discussed below, I would like to receive Mr. Clark's
responsive documents on either February 1 or February 2, 2021, as specified below.

       **Defendants' Requests for Production of Documents and Things in Subpoena**

       1.       All electronic, faxed, handwritten, or typed DOCUMENTS reviewed, consulted,
utilized by, or relied upon by YOU in formulating any opinions concerning the ANUMUDU
CASE, not including any Bates-stamped DOCUMENTS produced to PLAINTIFF by
DEFENDANTS, any deposition transcripts or videotapes of depositions, or any of
DEFENDANTS' objections and responses to PLAINTIFF's first sets of discovery requests.

       Result of Meet and Confer Discussions:  When we met and conferred, we agreed that
there was no dispute regarding the validity of this document request.  Therefore, please produce
the documents responsive to this Request by February 1, 2021, so that I can review them before
Mr. Clark's deposition.

       2.       Copies of all texts, treatises, protocols, procedures, guides, articles, or position
papers that YOU reviewed, consulted, utilized, or relied upon for formulating any opinions in the
ANUMUDU CASE.

       Result of Meet and Confer Discussions:  When we met and conferred, we agreed that
there was no dispute regarding the validity of this document request.  Therefore, please produce
the documents responsive to this Request by February 1, 2021, so that I can review them before
Mr. Clark's deposition.

January 27, 2021
Jeremy D. Jass, Esq.
Page 2

     3.     Copies of all California Commission on Peace Officer Standards and Training (POST) Learning Domains that YOU reviewed, consulted, utilized, or relied upon for formulating any opinions in the ANUMUDU CASE.

     <u>Result of Meet and Confer Discussions</u>:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request.  Therefore, please produce the documents responsive to this Request by February 1, 2021, so that I can review them before Mr. Clark's deposition.

     4.     Copies of any and all licenses or certifications currently possessed by YOU RELATING TO the practice of YOUR profession or expertise which is the basis of YOUR opinions in the ANUMUDU CASE, including all law enforcement licenses and certifications provided or presented by any government agency, professional association, or board.

     <u>Result of Meet and Confer Discussions</u>:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request.  Therefore, please produce the documents responsive to this Request by February 1, 2021, so that I can review them before Mr. Clark's deposition.

     5.     All notes, e-mails, correspondence, and any other DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any PERSON, not including any COMMUNICATIONS between YOU and Casmir Anumudu's attorney of record, RELATING TO the ANUMUDU CASE.

     <u>Result of Meet and Confer Discussions</u>:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request.  Therefore, please produce the documents responsive to this Request by February 1, 2021, so that I can review them before Mr. Clark's deposition.

     6.     All contracts, letter agreements, fee retainers, or other DOCUMENTS setting forth the terms of YOUR fees or other compensation for the ANUMUDU CASE.

     <u>Result of Meet and Confer Discussions</u>:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request.  Therefore, please produce the documents responsive to this Request by February 1, 2021, so that I can review them before Mr. Clark's deposition.

     7.     All DOCUMENTS stating, describing, referring to, or mentioning any of YOUR charges, billings, or compensation RELATING TO the ANUMUDU CASE, including, but not limited to, bills, invoices, journals, accounts payable, time sheets, time records, and COMMUNICATIONS.

     <u>Result of Meet and Confer Discussions</u>:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request.  Therefore, please produce the documents responsive to this Request by February 1, 2021, so that I can review them before Mr. Clark's deposition.

January 27, 2021
Jeremy D. Jass, Esq.
Page 3

8.      Copies of all trial transcripts for any trials from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>:  We discussed that the Mr. Clark did not think it was likely that he had any trial transcripts.  However, we agreed that you will confirm that he does not have any of them.  If so, then your response is adequate, because Mr. Clark is only obligated to produce documents within his possession, custody, or control.

9.      Copies of all trial transcripts for any trials from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>: We discussed that the Mr. Clark did not think it was likely that he had any trial transcripts.  However, we agreed that you will confirm that he does not have any of them.  If so, then your response is adequate, because Mr. Clark is only obligated to produce documents within his possession, custody, or control.

10.     Copies of all deposition transcripts, including electronically-produced or transmitted deposition transcripts, for any depositions from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>:  We discussed that the Mr. Clark did not think it was likely that he had any transcripts.  However, we discussed the fact that expert witnesses often receive their deposition transcripts to review in preparation for trial.  Therefore, we agreed that you will confirm whether Mr. Clark has any responsive deposition transcripts.  We also agreed that if Mr. Clark has any responsive deposition transcripts, he will prepare a list of the names of cases for which he possesses responsive deposition transcripts, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevented his production of the transcripts.  If not, then the responsive transcripts will be produced before Mr. Clark's deposition.  Therefore, please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders.  Otherwise, please provide me with any responsive deposition transcripts by February 2, 2021.

11.     Copies of deposition transcripts, including electronically-produced or transmitted deposition transcripts, for any depositions from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>:  We discussed that the Mr. Clark did not think it was likely that he had any transcripts.  However, we discussed the fact that expert witnesses often receive their deposition transcripts to review in preparation for trial.  Therefore, we agreed that you will confirm whether Mr. Clark has any responsive deposition transcripts.  We also agreed that if Mr. Clark has any responsive deposition transcripts, he will prepare a list of the names of cases for which he possesses responsive deposition transcripts, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevented

January 27, 2021
Jeremy D. Jass, Esq.
Page 4

his production of the transcripts.  If not, then the responsive transcripts will be produced before Mr. Clark's deposition.  Therefore, please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders. Otherwise, please provide me with any responsive deposition transcripts by February 2, 2021.

12. Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>: We agreed that Mr. Clark will prepare a list of the names of cases for which he possesses responsive expert reports, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevent his production of the expert reports  Please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders.  Otherwise, please provide me with any responsive expert reports by February 2, 2021.

13. Copies of all expert reports, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>: We agreed that Mr. Clark will prepare a list of the names of cases for which he possesses responsive expert reports, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevent his production of the expert reports  Please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders.  Otherwise, please provide me with any responsive expert reports by February 2, 2021.

14. Copies of all declarations not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present, in which Roger Clark testified regarding, concerning, mentioning, or relating to any suspect, victim, or witness possessing a mental illness or mental disorder.

<u>Result of Meet and Confer Discussions</u>: We agreed that Mr. Clark will prepare a list of the names of cases for which he possesses responsive declarations, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevent his production of the declarations  Please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders.  Otherwise, please provide me with any responsive expert reports by February 2, 2021.

15. Copies of all declarations, not including drafts, that YOU prepared or signed for any federal or state court cases from January 1, 2010, to the present in which Roger Clark testified regarding, concerning, mentioning, or relating to any medical or health care facility or hospital for persons who possess a mental illness or mental disorder.

January 27, 2021
Jeremy D. Jass, Esq.
Page 5

**Result of Meet and Confer Discussions**: We agreed that Mr. Clark will prepare a list of the names of cases for which he possesses responsive declarations, you will provide me a copy of the list, then we will determine whether or not any applicable protective orders prevent his production of the declarations  Please email me a copy of the list by February 1, 2021, so that we have time to review it and determine if there are any applicable protective orders.  Otherwise, please provide me with any responsive expert reports by February 2, 2021.

16.    Copies of all speeches, lectures, or presentations, including, but not limited to, notes, outlines, transcripts, Powerpoints, or electronic files, that YOU have conducted or presented RELATING TO law enforcement, civil rights law, or expert witness work from January 1, 2010, to the present.

**Result of Meet and Confer Discussions**:  When we met and conferred, we agreed that there was no dispute regarding the validity of this document request, although I agreed not to request copies of notes relating to these speeches, lectures, or presentations as opposed to copies of the speeches, lectures, and presentations themselves.  I also noted that Mr. Clark's expert report in this case showed that he made presentations relating to at least law enforcement and expert witness work.  You stated that you would look into what responsive documents Mr. Clark possesses.  Therefore, please produce the documents responsive to this Request by February 2, 2021, so that I can review them before Mr. Clark's deposition.

17.    Copies of all of YOUR advertisements, fliers or circulars, or Internet advertisements from January 1, 2015, to the present advertising, advising, informing, or telling any PERSON of YOUR availability for use as an expert in any legal matters, lawsuits, or cases.

**Result of Meet and Confer Discussions**: We discussed that Mr. Clark does not advertise or have a website concerning his expert witness work.  Based on this response, it does not appear that Mr. Clark has any responsive documents within his possession, custody, or control.

Plaintiff let me know as soon as possible if you disagree with my representations concerning our meet and confer discussions or if you disagree with the deadlines that are set forth above.  If there are no disagreements, then please produce the responsive documents by February 1 or February 2, 2021.  Otherwise, please email me or call me at (323) 252-223 as soon as possible for further discussions.  Thank you.

Sincerely,

*Gary Ostrick*

GARY OSTRICK
Deputy Attorney General
For    XAVIER BECERRA
Attorney General

EXHIBIT 5



**4340 VON KARMAN AVENUE, SUITE 100, NEWPORT BEACH, CA 92660**
**T: 562.340.6299 | F: 562.340.6422**

January 29, 2021

**VIA U.S. MAIL**

Gary Ostrick, Esq.
Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

   Re:  *Anumudu v. Salvador, et al.*

Dear Counsel:

  I am in receipt of your letter dated January 27, 2021 regarding the documents you are seeking related to Roger Clark. Included with this letter are the produced documents, in the enclosed USB drive.

  As to your requests numbered 1 through 7, all documents in Mr. Clark's possession that are responsive to the requests are included in the enclosed USB drive.

  As to requests numbered 8 through 11, Mr. Clark is not in possession of any transcripts responsive to these request.

  As to requests numbered 16 and 17, Mr. Clark is not in possession of any transcripts responsive to these requests.

  As to requests numbered 12 through 15 and the proposal that Mr. Clark prepare a list of cases responsive to these requests to determine if the cases have are subject to a protective order is not feasible. Mr. Clark only maintains records for the last four years as required by Federal Rule of Civil Procedure 26, and a list of cases in which he has testified in the last four years has previously been provided to you.

  In that list alone, there are approximately 285 cases where Mr. Clark has offered testimony as an expert witness. It is unreasonable to expect Mr. Clark to recall from memory the facts and circumstances of each of those cases. Furthermore, it is unreasonable, burdensome, harassing, and disproportional to the needs of the case to have

Gary Ostrick, Esq.
January 29, 2021
Page 2 of 3

Mr. Clark review each of those 285 cases to determine if any expert reports or declarations "mention, refer, or relate to any suspect, victim, or witness possessing a mental illness or disorder," or "any medical or health care facility or hospital for persons who possess a mental illness or mental disorder."

Based on the foregoing, Plaintiff will produce Roger Clark for his deposition as indicated on the Notice on February 5, 2021, at 10:00 a.m., via remote means. And, I am producing his file and a copy of all documents and other tangible evidence he reviewed in connection with this case as is ordinarily done in the spirit of cooperation in these matters.

However, apart from the requirements of Federal Rule of Civil Procedure 26(a)(2), which have already been complied with (including a report containing a listing of materials reviewed and opinions rendered, a list of all testimony given in the past four years in other cases, a list of other publications, and a fee schedule), Plaintiff is under no further obligation to provide the documents and other items contained in Defendant's Subpeona/Request for Production.

In particular, the request for items sought in requests numbered 12 through 15, are overbroad and regards opinions or testimony given in connection with other cases with dissimilar fact patterns, and as such are irrelevant to Mr. Clark's opinions rendered here. F.R.Evid. 401-402.

Furthermore, as can be seen from the listing of other cases already provided by Mr. Clark, he has consulted and has testified in a great number of other cases, and it would be unduly burdensome to require him to review all of his records to determine if any are of similar fact patterns that might be relevant here. This burden consists of the time and energy required of Mr. Clark in reviewing and compiling his records. A party responding to a subpoena need not provide documents the person identifies as "not reasonably accessible because of undue burden or cost." FRCP 45(e)(1)(D). Should you insist on enforcing your overbroad, irrelevant, burdensome, and disproportional requests, I will be required to ask the Court to have Defendants pay Mr. Clark's hourly rate as costs in searching voluminous documents. FRCP 45(e)(1)(D); see *Guy Chem Co., Inc. v. Romanco AG* (ND IN 2007) 243 FRD 310, 313; *United States v. CBS, Inc.* (9th Cir. 1982) 666 F2d 364, 368-369; *Klay v. All Defendants* (11th Cir. 2005) 425 F3d 977, 982 (reasonable compensation to be paid to the person to whom the subpoena is addressed).

Reasonable compensation covers more than inspection and copying costs. It includes compensation for the value of confidential intellectual property produced, allowing experts to recover the value of their services. See Adv. Comm. Notes to 1991 Amendment to former FRCP 45(c)(3)(B); see *Klay v. All Defendants*, supra, 425 F3d at 984.

Gary Ostrick, Esq.
January 29, 2021
Page 3 of 3

Moreover, the content of the materials reviewed or of the reports generated by Mr. Clark may include confidential information subject to a protective order.  It would be unduly burdensome to require Mr. Clark to review the patchwork of different and varying protective orders in each case to determine whether provision of such report or transcript would be in violation.

## Conclusion

Enclosed with this letter in the included USB drive are the responsive documents to your requests numbered 1 through 11, 16, and 17. For the reasons stated above we are not able to produce documents for requests numbered 12 through 15. Please let me know if you wish to discuss further or if you would like to schedule an informal discovery conference with the Magistrate Judge.

Very truly yours,

Jeremy D. Jass

# CERTIFICATE OF SERVICE

Case Name:  **Casmir Anumudu v. State of California, et al.**          Case No.   **2:19-cv-04045**

I hereby certify that on <u>February 2, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT REPORT OF DISPUTES RELATING TO SUBPOENA TO ROGER CLARK FOR DISCOVERY CONFERENCE** I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 2, 2021</u>, at Los Angeles, California.

| Jasmine Zarate | /s/ Jasmine Zarate |
|:---:|:---:|
| Declarant | Signature |

LA2019502879
63942526.docx